# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CYNTHIA M. SHEARER,** | : | |
| *Plaintiff*, | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | **No. 18-3277** |
| **ALLSTATE INSURANCE CO.,** | : | |
| *Defendant*. | : | |

## **M E M O R A N D U M**

PRATTER, J.                                                                                        MARCH 22, 2019

*Pro se* plaintiff Cynthia Shearer brings this breach of contract claim against Allstate Insurance Company. Ms. Shearer contends that she was not notified of her policy's termination until she submitted a claim for a catastrophic fire. The defendant responds with a motion to dismiss, in part, because Ms. Shearer did not properly serve Allstate until five years after she filed a praecipe for writ of summons in state court. The Court grants the motion to dismiss with leave to amend because Ms. Shearer has not demonstrated that she actually served or made a good faith attempt to serve her 2014 praecipe for writ of summons on Allstate.

### BACKGROUND[1]

Ms. Shearer alleges that her residence was destroyed in a fire on February 15, 2011. Ms. Shearer contends that she contacted her insurer, Allstate, two days later to submit a claim. On February 28, an Allstate employee told her that her policy terminated ten months prior, on March 20, 2010, because of overdue payments. Ms. Shearer says that she was unaware her policy had lapsed but admits that she received "two invoices for a 'Condominium Collection Notice' for a balance of $45.11 dated May 5, and May 24, 2010." Compl. ¶ 10.

---

[1]     In reciting the facts of this action, the Court relies on the underlying state court records.

Almost two years later, on February 14, 2013, Ms. Shearer filed a "Praecipe for Summons." February 14, 2013, Praecipe for Summons (Doc. No. 7-13). This quirk of Pennsylvania law allows a plaintiff to initiate a lawsuit without filing a complaint but suffices to stop the running of the statute(s) of limitations. Pa. R. Civ. P. 1007. On the same day, Ms. Shearer filed a certificate of service indicating that the summons had been issued to the defendant by certified mail. February 14, 2013, Certificate of Service (Doc. No. 7-12). However, she did not file a return receipt or any other proof that service was effectuated.

For over two years, nothing happened and no complaint was ever filed. Given this inactivity, the Court of Common Pleas for Montgomery County issued a "Notice of Proposed Termination of Court Case" on July 24, 2015 and informed Ms. Shearer that she could prevent termination of the case by filing a "Statement of Intent to Proceed." July 24, 2015, Notice of Proposed Termination (Doc. No. 7-11). Ms. Shearer filed such a statement on August 17, 2015. August 17, 2015, Statement of Intent to Proceed (Doc. No. 7-10). However, she took no further action for over two years until the court issued another "Notice of Proposed Termination of Court Case" on December 21, 2017. December 21, 2017, Notice of Proposed Termination (Doc. No. 7-9). On January 19, 2018, Ms. Shearer filed yet another "Statement of Intent to Proceed." January 19, 2018, Statement of Intent to Proceed (Doc. No. 7-8).

On May 9, 2018, the court ordered Ms. Shearer to provide a brief statement of the facts of the case. May 9, 2018 Order (Doc. No. 7-7). Ms. Shearer then filed a two-page statement of the case with the court. Shearer Statement (Doc. No. 7-6). On June 8, 2018, the court ordered Ms. Shearer to file a complaint within 30 days. June 8, 2018, Order (Doc. No. 7-4). So, over five years after Ms. Shearer filed her original praecipe for summons, and seven years after the fire, Ms. Shearer finally filed a complaint on July 3, 2018. Complaint (Doc. No. 7-3). Ms. Shearer

served the complaint on Allstate via certified mail and requested return receipt. Def.'s Mot. to Dismiss, Ex. J at p. 6 (Doc. No. 5-17). Allstate alleges that, for its part, the first time it heard of this action was when it received Ms. Shearer's complaint on July 10, 2018. Def.'s Mot. to Dismiss at p. 2 (Doc. No. 5-17). Allstate entered an appearance in this action 17 days later. Entry of Appearance (Doc. No. 7-2). Allstate filed a notice of removal based on diversity jurisdiction pursuant to 28 U.S.C. § 1332, and the case was removed to federal court.

## DISCUSSION

Once in federal court, Allstate filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on numerous grounds, including insufficient service of process.[2] However, insufficient service of process is more properly considered under Fed. R. Civ. P. 12(b)(5).

"Under Rule 12(b)(5) of the Federal Rules of Civil Procedure, 'insufficiency of service of process' is one basis for which a defendant may seek dismissal of a complaint." *Parker v. Goichberg*, No. 08-829, 2008 WL 5455339, at *3 (E.D. Pa. Dec. 29, 2008) (citing *Allstate Insurance Co. v. Funai Corp.*, 249 F.R.D. 157, 160) (M.D. Pa. 2008)). The "party asserting the validity of service bears the burden of proof on that issue." *Grand Entm't Grp., Ltd. v. Star Media Sales, Inc.*, 988 F.2d 476, 488 (3d Cir. 1993); *see also Kornea v. J.S.D. Mgmt., Inc.*, 336 F. Supp. 3d 505, 509 (E.D. Pa. 2018) ("The burden is on the plaintiff to show that the defendant or the defendant's authorized agent signed the return receipt.").

Allstate contends that service of the February 14, 2013 Praecipe for Summons was improper because Ms. Shearer did not file a return receipt. As such, there is no way to know whether Allstate received the praecipe, which Allstate says it did not. This delay, Allstate contends, severely prejudiced the company because it is now forced to defend itself in a lawsuit

---

[2] Although Allstate makes a number of other arguments in its motion to dismiss, the Court does not address them in this memorandum.

in which the underlying claim, the alleged breach of contract and the 2011 fire, occurred over seven years ago. Because the Court agrees, the motion to dismiss is granted with leave to amend.

I. **Service of Process on an Out-of-State Corporation Under the Pennsylvania Rules of Civil Procedure**

Service by mail upon an out-of-state corporation is governed by Pennsylvania Rules of Civil Procedure 403 and 404. The rules require that "a copy of the process shall be mailed to the defendant by any form of mail requiring a receipt signed by the defendant or his authorized agent. Service is complete upon delivery of the mail." Pa. R. Civ. P. 403, 404. "Certified mail, return receipt requested, is a proper method of service on an out-of-state corporation under Pennsylvania law." *Douglas v. Wal-Mart Stores, Inc.*, No. 05-152, 2005 WL 589626, at *1 (E.D. Pa. Mar. 10, 2005); *see also* Pa. R. Civ. P. 405(c) ("Proof of service by mail under Rule 403 shall include a return receipt signed by the defendant . . . .").

In Pennsylvania, a plaintiff may commence an action either by filing a complaint or, as Ms. Shearer did in this case, by filing a praecipe for summons. Pa. R. Civ. P. 1007. "It is self-evident that once the action has been commenced, the defendant must be provided notice of the action in order for the purpose of the statutes of limitation to be fulfilled." *McCreesh v. City of Philadelphia*, 888 A.2d 664, 671 (Pa. 2005). "The filing of the praecipe for a writ of summons stops the running of the statute of limitations but only if the plaintiff makes 'a good faith effort to effectuate service of the writ' during the life of the writ." *Denochick v. DeMag*, 155 F. Supp. 2d 386, 387–88 (E.D. Pa. 2001) (quoting *Farinacci v. Beaver Cty. Indus. Dev. Auth.*, 511 A.2d 757, 760 (Pa. 1986)). As such, the Court must consider whether Ms. Shearer actually served the praecipe for writ of summons or made a good faith effort to effectuate service of the writ. *Denochick*, 155 F. Supp. 2d at 388–90.

### A. Whether Ms. Shearer Actually Served Allstate

There is not enough evidence on the record to conclude that Ms. Shearer actually served Allstate. On February 14, 2013, Ms. Shearer filed the praecipe for summons as well as a certificate of service indicating that the summons had been issued on the defendant by certified mail. Def.'s Mot. to Dismiss, at Ex. B (Doc. No. 5-2). The certificate of service did not include a return receipt or any other proof of service. *Id.* "To avoid the very problem we face here, Rule 405 of the Pennsylvania Rules of Civil Procedure requires not only a signed receipt but the filing of a return of service attaching the signed receipt." *Denochick*, 155 F. Supp. 2d at 389. The absence of the receipt in this case "is a problem for two reasons. First, we have no reliable evidence that the defendant ever received the writ. Second, even if a receipt had been returned, we would need to determine if it was signed by someone who was authorized to accept service on behalf of the corporation." *Id.* (citing *Grand Entertm't Grp.,* 988 F.2d at 485). At this stage, Ms. Shearer has not provided any proof at all that the February 2013 praecipe for summons was properly (or, for that matter, improperly) served on Allstate. And without "the receipt with the signature of someone authorized to accept service, any finding at this late date that service was actually made would be pure speculation." *Id.*

### B. Whether Ms. Shearer Made a Good Faith Attempt to Serve Allstate

Based on the current record, the Court could not conclude that Ms. Shearer made a good faith effort to serve Allstate "within the 90 day period allowed in accordance with the Pennsylvania Rules." *Id.*; Pa. R. Civ. P. 404. "What constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." *Johnson v. Austin*, No. 1122 EDA 2016, 2017 WL 1400966, at *3 (Pa. Super. Ct. Apr. 19, 2017). Failure to make a good faith effort to serve the writ results in dismissal of the action. *Id. See also McCreesh*, 888 A.2d at 674.

A "good faith effort" does not require "rigid compliance" with Pennsylvania's rules on service. *McCreesh*, 888 A.2d at 674. Instead, courts should "construe liberally the rules of procedure, so long as the deviation does not affect the substantial rights of the parties." *Id.* Courts should not punish "a plaintiff for technical missteps where he [or she] has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice." *Id.* However, simple "neglect and mistake, or conduct that is unintentional that works to delay the defendant's notice of the action, may constitute a lack of good faith on the part of the plaintiff." *Johnson*, 2017 WL 1400966, at *3. Furthermore, "[l]ack of knowledge, mistake or misunderstanding does not toll the running of the statute of limitations." *Booher v. Olczak*, 797 A.2d 342, 345 (Pa. Super. Ct. 2002).

In this case, it is impossible to know what actions Ms. Shearer took to serve the writ on Allstate based on the current record. Ms. Shearer filed a certificate of service by certified mail but, as noted above, did not file a signed return receipt. The Court of Common Pleas for Montgomery County issued two notices of proposed termination of this action and, although Ms. Shearer filed statements of intent to proceed, the current record suggests that she never took further steps to serve Allstate. Five years later, she finally filed a complaint in this action after the court ordered her to do so and, only then, did she properly serve Allstate. This leads the Court to surmise that Allstate did not receive actual notice of this action.

Furthermore, Ms. Shearer's lack of action was not a "good faith" effort to effect service either. *See Feehan v. Allstate Ins. Co.*, No. 2563 EDA 2013, 2015 WL 6951293, at *5 (Pa. Super. Ct. June 29, 2015) (upholding dismissal of action in which plaintiffs "did nothing to attempt to properly serve" the defendant); *Reunion Indus., Inc. v. Doe 1*, No. 08-609, 2008 WL 2763830, at *3 (W.D. Pa. July 11, 2008) ("Plaintiff has not identified a single attempt to

effectuate proper service in this litigation."); *Defillipis v. Dell Fin. Servs.*, No. 14-115, 2014 WL 3921371, at *4 (M.D. Pa. Aug. 11, 2014) (concluding service was improper, even though the defendant received complaint and summons, where the plaintiff mailed the complaint to a post office box maintained by the defendant for customer service inquiries that was not held out to receive legal process).

**II.   Dismissal of Ms. Shearer's Complaint is Warranted**

There is no indication that Ms. Shearer's mistakes, missteps, or simple inaction in serving Allstate were intentional; however, they resulted in a delay of service of over five years after the original writ was issued and over seven years after the alleged breach of contract and fire that form the basis of this cause of action took place. The Court does not doubt that this delay substantially affected Allstate's ability to defend itself in this action as much of the evidence regarding the underlying events may have been destroyed in the intervening years. As the plaintiff, Ms. Shearer has the burden to demonstrate effective service or a good faith effort to try to do so. Ms. Shearer has not made any attempts to demonstrate either.

In this case, dismissal of the complaint is warranted because the statute of limitations has expired and proper service is no longer possible.[3]  *See Denochick*, 155 F. Supp. 2d at 390 (dismissing complaint when plaintiff's claims became stale in the four years between when the action was commenced and proper service was rendered); *see also McCreesh*, 888 A.2d at 227 (concluding that complaints should be dismissed for improper service "only where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant"). However, the Court grants the motion to dismiss with leave to Ms. Shearer to try to amend. If Ms. Shearer chooses to try to

---

[3]   The statute of limitations for a breach of contract claim such as Ms. Shearer's is four years. *See* 42 Pa. Cons. Stat. § 5525. And bad faith claims are subject to a two-year statute of limitations. *See* 42 Pa. Cons. Stat. § 5524; *Ash v. Continental Ins. Co.*, 932 A.2d 877, 885 (Pa. 2007).

amend her complaint, she will need to show either that she properly served, or made good faith efforts to serve, Allstate. Failing that, she will again be at risk for a renewed motion.

## CONCLUSION

For the reasons set out in this memorandum, the Court grants Allstate's motion to dismiss. An appropriate order follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE